IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID GILMOUR MUSIC LTD.,

    Plaintiff,                                                          Civil Action No.: 1:25-cv-04341

v.

THE OWNER AND/OR OPERATOR OF
OTHERBRICK.COM,

    Defendant.

## COMPLAINT

Plaintiff, David Gilmour Music Ltd. ("DGML" or "Plaintiff"), hereby files this Complaint against the Owner and/or Operator of otherbrick.com (the "Defendant"), and for its Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under domain name identified as otherbrick.com (the "Defendant Domain Name"). Specifically, Defendant is reaching out to do business with Illinois residents by operating a commercial, interactive internet store through which Illinois residents can and do purchase products bearing counterfeit versions of Plaintiff's trademark. The Defendant has targeted sales from Illinois residents by operating an online store under the Defendant Domain Name that offers

shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold products bearing counterfeit versions of Plaintiff's federally registered trademark to residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's DAVID GILMOUR Trademark, which is covered by U.S. Trademark Registration No. 3,756,468 (the "David Gilmour Trademark"). The registration is valid, subsisting, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065. The registration for the trademark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the trademark pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the DAVID GILMOUR Trademark is attached as **Exhibit 1**.

4. Defendant is selling illegal counterfeits at prices substantially below an original:

ORIGINAL



<u>COUNTERFEIT</u>



5. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over its reputation and goodwill as well as the quality of goods bearing the DAVID GILMOUR Trademark.

6. Defendant is using a fake online storefront designed to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products. Plaintiff is filing this action to combat Defendant's counterfeiting of Plaintiff's registered trademark, as well as to protect unknowing consumers from purchasing unauthorized DAVID GILMOUR products over the internet.

7. This Court has personal jurisdiction over Defendant, in that Defendant conducts significant business in Illinois and in this judicial district, and the acts and events giving rise to this lawsuit of which Defendant stands accused were undertaken in Illinois and in this judicial district. In addition, Defendant has offered to sell and sold infringing products into this judicial district.

## THE PLAINTIFF

8. David Gilmour Music Ltd. is a limited company having its principal place of business in the United Kingdom. It is the business entity associated with David Gilmour, the musician, who is an English singer, songwriter, composer, multi-instrumentalist, and record producer. Mr. Gilmour is also widely known for being a member of the iconic rock band Pink Floyd. Mr. Gilmour remains active and DGML is an official source of authentic DAVID GILMOUR products.

9. Plaintiff is in the business of developing, marketing, selling, distributing and retailing high-quality concert merchandise including within the Northern District of Illinois District (collectively, the "DAVID GILMOUR Products") under the federally registered DAVID GILMOUR Trademark. Defendant's sales of counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

10. Plaintiff's brand, symbolized by the DAVID GILMOUR Trademark, is a recognized symbol of high-quality merchandise. The DAVID GILMOUR Trademark is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the DAVID GILMOUR Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use the DAVID GILMOUR Trademark pursuant to 15 U.S.C. § 1057 (b).

11. The DAVID GILMOUR Trademark has been continuously used and never abandoned.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the DAVID GILMOUR Trademark. As a result, products bearing the DAVID GILMOUR Trademark are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

**THE DEFENDANT**

13. Defendant is an individual and/or business entity who, upon information and belief, likely resides and/or operates in Asia or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial website and online marketplace operating under the Defendant Domain Name. Defendant targets the United States, including Illinois, and has offered to sell, has sold, and continues to sell counterfeit DAVID GILMOUR Products to consumers within the United States, including Illinois and in this judicial district.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

14. The success of the DAVID GILMOUR brand has resulted in its significant counterfeiting. Defendant conducts its illegal operations through a fully interactive commercial website operating under the Defendant Domain Name. Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell, has sold, and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois.

15. Defendant has intentionally concealed its identity and the full scope of its counterfeiting operations in an effort to deter Plaintiff from learning Defendant's true identity and the exact interworking of Defendant's illegal counterfeiting operations. For example, the website operated at the Defendant Domain Name provides the following physical address: 351 Lincoln Ave, Youngstown, OH 44502. However, a Google search of this address leads to no known businesses; instead the address is for a building belonging to University Edge Youngstown, described as a "Student housing complex offering furnished apartments, as well as events." The

5

Defendant Domain Name does not offer any unit or apartment number, and Plaintiff's counsel has previously identified this address as affiliated with other scam and counterfeit websites.

16. Through its operation of the Defendant Domain Name, Defendant is directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged. Upon information and belief, Defendant is working to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

17. Defendant's use of the DAVID GILMOUR Trademark on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. Defendant has manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the DAVID GILMOUR Trademark and continues to do so.

18. Defendant, without authorization or license from Plaintiff, knowingly and willfully used and continues to use the DAVID GILMOUR Trademark in connection with the advertisement, offering for sale, and sale of the Counterfeit Products through, inter alia, the internet. The Counterfeit Products are not genuine DAVID GILMOUR Products. Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. The Defendant Domain Name offers shipping to the United States, including Illinois, and has sold Counterfeit Products into the United States, including Illinois.

19. Upon information and belief, Defendant will continue to register or acquire listings for the purpose of selling Counterfeit Products that infringe upon the DAVID GILMOUR Trademark unless preliminarily and permanently enjoined.

20. Defendant's use of the DAVID GILMOUR Trademark in connection with the advertising, distribution, offering for sale, and sale of counterfeit DAVID GILMOUR Products, including the sale of counterfeit DAVID GILMOUR Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

21. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

22. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the registered DAVID GILMOUR Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The DAVID GILMOUR Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the DAVID GILMOUR Trademark.

23. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the DAVID GILMOUR Trademark without Plaintiff's permission.

24. Plaintiff is the exclusive owner of the DAVID GILMOUR Trademark. Plaintiff's United States Registration for the DAVID GILMOUR Trademark (**Exhibit 1**) is in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the DAVID GILMOUR Trademark and is willfully infringing and intentionally using counterfeits of the DAVID GILMOUR Trademark. Defendant's willful, intentional, and unauthorized use of the

DAVID GILMOUR Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

25. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known DAVID GILMOUR Trademark.

27. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit DAVID GILMOUR Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

28. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

29. Defendant's promotion, marketing, offering for sale, and sale of counterfeit DAVID GILMOUR Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's counterfeit DAVID GILMOUR Products by Plaintiff.

30. By using the DAVID GILMOUR Trademark in connection with the sale of counterfeit DAVID GILMOUR Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit DAVID GILMOUR Products.

31. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit DAVID GILMOUR Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

32. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily preliminarily, and permanently enjoined and restrained from:

   a. using the DAVID GILMOUR Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine DAVID GILMOUR Product or is not authorized by Plaintiff to be sold in connection with the DAVID GILMOUR Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine DAVID GILMOUR Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the DAVID GILMOUR Trademark;

   c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit DAVID GILMOUR Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

9

    d. further infringing the DAVID GILMOUR Trademark and damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademark, including the DAVID GILMOUR Trademark, or any reproductions, counterfeit copies, or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, the Defendant Domain Name, or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell counterfeit DAVID GILMOUR Products; and

    h. operating and/or hosting websites at the Defendant Domain Name and any online marketplace accounts registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the DAVID GILMOUR Trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine DAVID GILMOUR Product or not authorized by Plaintiff to be sold in connection with the DAVID GILMOUR Trademark.

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraph 1, a through h, above;

3) Entry of an Order that, at Plaintiff's choosing, the registrants of Defendant Domain

Name shall be changed from the current registrants to Plaintiff, and that the domain name registries for the Defendant Domain Name, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Name to a registrar of Plaintiff's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap, Inc. ("Namecheap"), shall take any steps necessary to transfer the Defendant Domain Name to a registrar account of Plaintiff's selection; or that the same domain name registries shall disable Defendant Domain Name and make them inactive and untransferable;

4) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Name, and online marketplace account registrars, shall:

   a. disable and cease providing services for any accounts through which Defendant engages in the sale of counterfeit DAVID GILMOUR products using the David Gilmour Trademark, including any accounts associated with the Defendant;

   b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit David Gilmour Products using the David Gilmour Trademark; and

   c. take all steps necessary to prevent links to the Defendant Domain Name identified as otherbrick.com from displaying in search results, including, but not limited to, removing links to the Defendant Domain Name from any search index;

5) That Defendant accounts for and pays to Plaintiff all profits realized by Defendant by

reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the DAVID GILMOUR Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6)  In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the DAVID GILMOUR Trademark;

7)  That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

DATED:  April 21, 2025

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail:  keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**